**STATE of Missouri, Respondent,**

v.

**Elmo JACOBS, Appellant.**

**No. 46750.**

Supreme Court of Missouri,
Division No. 1.

March 9, 1959.

Michael D. Konomos, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

By information filed in the Circuit Court of Caldwell County, Missouri, defendant was charged with burglary of a building owned and occupied by Paul Green in the conduct of a seed store in the City of Polo, in said county, and stealing therefrom 166 bags of red clover seed, the property of Paul Green, of the value of $3,350. The information also invoked the provisions of the (so-called) Habitual Criminal Act by pleading a former conviction of defendant in Clinton County, Missouri, in December, 1939 (1938?), of the crime of grand larceny and sentence of imprisonment in the Missouri State Penitentiary for a term of 3 years, his imprisonment under said sentence and subsequent lawful discharge on conditional commutation of the Governor.

▇ Upon trial, the jury returned a verdict finding defendant "guilty of stealing" and assessing his punishment at imprisonment in the penitentiary for 5 years. He has appealed from the sentence and judgment rendered pursuant to the verdict, but has filed no brief. The motion for new trial assigns two alleged grounds of error, to wit: (1) "Said verdict is against the weight of the evidence" and (2) "Said verdict is against the law and the evidence and the law under the evidence," both of which are too general to preserve anything for review. State v. Kelton, Mo., 299 S.W.2d 493, 495 (2); State v. Knox, Mo., 320 S.W.2d 592.

Briefly summarized, the evidence in behalf of the State was that on the morning of December 1, 1955, Mr. Green discovered that the building in which he conducted his seed business had been forcibly broken into and entered during the night and that 166 one-bushel sacks of red clover seed therein stored and owned by him, each sack of seed being of the value of $20, total value $3,320, had been stolen. Howard Love, who had been convicted of participating in the burglary and theft of said seed and was serving a term of imprisonment in the Intermediate Reformatory at Algoa pursuant to sentence imposed upon him under said conviction, testified: On the night of November 30, 1955, he and John Oliphant rode with defendant in defendant's Pontiac automobile to the Green seed store, where defendant and Oliphant "looked over" the seed. The three of them then rode toward Richmond in defendant's car and, while so en route, stole a truck and returned to the seed store, where Oliphant "busted the door open." The three of them carried the seed from the store and loaded it into the stolen truck and took it to Abe Gentry's farm and with the aid of Gentry stored the seed in the loft of Gentry's barn. Several days thereafter, defendant and Oliphant and Love removed the seed from Gentry's barn and stored it in a shed at the home of Joe Perez. About a month later, defendant and Oliphant and Love removed the seed from Perez's shed and defendant and Oliphant took it away to sell. Thereafter, defendant gave Love $385 as his share of the proceeds of the sale. Abe Gentry and Joe Perez, although minimizing their actual physical participation in the handling of said seed after it was stolen, nevertheless corroborated the testimony of Love in its material aspects.

The State also introduced into evidence (1) the records of the Circuit Court of Clinton County, Missouri, showing the conviction of defendant in December, 1939 (1938?), of the crime of grand larceny and the sentencing of him on January 4, 1939, to imprisonment in the State Penitentiary for a term of three years in accord with the verdict of the jury, and (2) the records of the penitentiary showing his incarceration therein on January 12, 1939, and his discharge on August 21, 1940, on conditional commutation by the Governor.

Defendant's evidence was that he was in Kansas City, Missouri, from November 30 until December 2, 1955, and had no connection whatever with either the burglary or theft of the seed. On cross-examination, he admitted that in 1939 (1938?) he and John Oliphant had been convicted of grand larceny of corn in Clinton County for which defendant was sentenced to the penitentiary for a term of three years, and that

he had been convicted of bank robbery in Kansas for which he was imprisoned in the penitentiary for a term of 7 years.

■ The verdict of the jury, as stated, finds defendant guilty merely of "stealing." The verdict, by necessary inference, acquits defendant of burglary, but it does not expressly show upon its face that the jury found him guilty of the stealing of seed in excess of the value of $50, which, under the provisions of Section 560.161, RSMo 1949, 1958 Cum.Supp., V.A.M.S., is a prerequisite to the lawful imposition of a sentence of imprisonment in the State Penitentiary. However, for the reasons hereinafter stated, we think the aforesaid omission does not constitute reversible error under the record in this case.

■ The only theft charged in the information was the stealing of 166 bushels of red clover seed of the value of $3,350; the unquestioned evidence showed the theft of 166 bushels of red clover seed of the value of $3,320; and submission instruction No. 4 hypothesized a finding that if the jury found defendant not guilty of burglary and did find him guilty of stealing "166 sixty-pound bags of red clover seed, all of the total value of $3,350," then the jury should assess his punishment at not less than "two nor more than ten years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than $1,000, or by both such fine and imprisonment," which is the range of punishment fixed by Section 560.161 supra. The instruction closed with the further admonition that "unless (the jury) find the facts as above stated, you will acquit the defendant." Defendant's sole defense was that of alibi. Consequently, the jury lawfully could reach only one of two alternative decisions, to wit: that defendant was either guilty or not guilty of the theft of 166 bushels of red clover seed of the value of $3,320. Construed in the light of this record, the verdict is free of ambiguity and clearly reflects that the jury found defendant guilty of stealing the precise property described in the information and that its value was in excess of $50. So concluding, we hold the verdict sufficient to sustain the judgment rendered. State v. Perry, Mo., 233 S.W.2d 717, 720; State v. Saussele, Mo., 265 S.W.2d 290, 293–295; State v. Smith, 357 Mo. 467, 209 S.W.2d 138, 141; State v. Wells, Mo., 234 S.W. 825, 827.

■ The record does not show arraignment of defendant but it does show that he was tried as though he had been duly arraigned and had entered a plea of not guilty. When so tried, the failure of the record to show arraignment and entry of plea of not guilty does not constitute reversible error. 42 V.A.M.S. Supreme Ct. Rule 25.04.

The information is in due form, the jury was duly empanelled and sworn, defendant and his counsel were present throughout the trial and all after-trial proceedings, he was granted due allocution and the judgment is sufficient in form and substance.

The judgment is affirmed.

All concur.