335 S.W.2d 23 (1960)
STATE of Missouri, Respondent,
v.
John WASHINGTON, Appellant.
No. 47663.
Supreme Court of Missouri, Division No. 1.
May 9, 1960.
*24 No attorney for appellant.
John M. Dalton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for respondent.
HYDE, Judge.
Defendant was convicted of second degree burglary and stealing (Secs. 560.070 and 560.156) on joint prosecution of these crimes under a single indictment as authorized by Sec. 560.110. (Statutory references are to RSMo and V.A.M.S.) Defendant was found to have been previously convicted of a felony and his punishment assessed under the habitual criminal statutes (Secs. 556.280 and 556.290) at ten years for burglary and five years for stealing. (Secs. 560.095 and 560.110.) Defendant was sentenced in accordance with the verdict, sentence to run consecutively for a total of 15 years (see State v. Huff, 352 Mo. 1161, 181 S.W.2d 513, 516) and defendant has appealed.
Defendant has filed no brief so we will consider all assignments properly made in his motion for new trial. State v. Statler, Mo.Sup., 331 S.W.2d 526, 527. Since assignments one and two alleging error in overruling motions for acquittal raise the question of sufficiency of the evidence to sustain a conviction, we state the facts shown by the State's evidence. Assignment three (verdict is against the weight of the evidence) preserves nothing for appellate review. State v. Jacobs, Mo. Sup., 321 S.W.2d 450, 451. Assignment one (overruling motion for acquittal at the close of the State's evidence) was waived by defendant offering evidence thereafter. State v. Statler, supra. Therefore, we will consider only the evidence favorable to the State and the reasonable inferences to be drawn therefrom (State v. Thomas, Mo. Sup., 309 S.W.2d 607, 609) in determining the correctness of the court's action in overruling defendant's motion for acquittal at the close of the case.
Police officers hearing a burglar alarm, about 12:05 A.M., February 21, 1959, in the building of Morganthaler Cleaners and Dyers, 10th and Cole Streets, in the City of St. Louis, upon investigation found defendant in an alley from which the rear of the building could be reached. Defendant ran when he saw one of the officers but stopped at his command. Defendant had a shoe on his right foot and said he had lost his other shoe, which was later found inside the Morganthaler building where his brother was also found hiding. After his arrest, defendant attempted to destroy and dispose of the shoe he was wearing. There was a large jagged hole in the southwest corner of the building and a crowbar and a screwdriver were found near it. Defendant and his brother had white material on their clothes which a police chemist testified was mortar identical in all microscopic aspects with a sample of mortar taken at the time from the hole in the building. Two dollars which had been left the evening before in the cash drawer and about seven dollars left in a change box were missing; $4.78 in change was found on defendant's brother when he was searched at the police station. It was shown that all doors were secure when the last Morganthaler employe left the building at 5:30 P.M. the evening before, after setting the burglar alarm. Obviously it is a reasonable inference from these facts that *25 defendant participated in the burglary and stealing and we hold that his motion for acquittal was properly overruled.
Assignments 4 and 5 allege error in admitting in evidence Exhibit 2, the shoe found inside the building in the possession of defendant's brother and in admitting the testimony of the officers concerning it; and assignments 9 and 10 allege error in admitting Exhibit 9, the shoe found in his cell, partly destroyed, after his arrest and in admitting the testimony of the officers concerning it. The shoe found in the building and the circumstances of finding it certainly were relevant as an important part of the chain of circumstances connecting defendant with the crimes charged. These shoes were identified as mates, identical in color, size, style, serial number and heels. Furthermore, defendant's own evidence was that the one found in the building was his shoe and that he attempted to destroy and dispose of the mate to it he had on when arrested by tearing it and flushing away the pieces while he was in a cell in the police station after his arrest. (Defendant's claim was that his brother took one of his shoes to make him follow him to the building.) Therefore, we hold that this evidence was properly admitted.
Assignments 6 and 7 allege error in admitting the circuit court records of his previous convictions and the St. Louis City Workhouse records showing his sentences served and his discharges. This claim is based on failure to comply with the requirements of the Business Records Act. Secs. 490.660-490.690. Official records required by law to be kept were admissible before the adoption of this Act. See Snider v. Wimberly, 357 Mo. 491, 495, 209 S.W.2d 239, 241, and authorities cited; 32 C.J.S. Evidence §§ 637-638, pp. 489-495. Defendant's convictions were shown by a deputy circuit clerk producing and reading from the original circuit court record. The original Workhouse records were also produced and read by the record custodian. Sec. 490.130 provides for certification of court records but, in Carp v. Queen Ins. Co., 203 Mo. 295, 331, 101 S.W. 78, 89, we said this statute "was enacted for the public convenience, to provide for the means of proving the contents of records by certified copies thereof. It was not the purpose of this statute to exclude original instruments, which have been properly identified as such. * * * To hold otherwise would be to hold that an original instrument fully identified is not evidence, but that a copy of it would be. We think the objection is untenable." See also 32 C.J.S. Evidence §§ 626, 629, 634, 649. Furthermore, in his testimony, defendant admitted these convictions, saying he pleaded guilty in both cases. See State v. McCulley, Mo.Sup., 327 S.W.2d 127, 130, and cases cited. We hold there was no error in admitting these records.
Assignments 8 and 11 allege error in admission of testimony of the officers concerning the following exhibits, 1 (crowbar), 3 (leather jacket), 4 (shirt), 5 (hat), 6 (trousers), 7 (gloves), 8 (silver coins), 10 (screwdriver), 11 (box of mortar). There is not a sufficient statement of grounds as to the first five of these to comply with the requirements of Rule 27.20, V.A.M.R. (This assignment stating "said exhibits do not tend to prove or disprove the issues herein.") As to the last four the ground stated is "that it was not proved that these exhibits had any connection with defendant." It is obvious from the facts hereinabove stated that sufficient connection was shown, they being found either in or near the building, and the hole in the wall thereof, near which both plaintiff and his brother were found. We hold this evidence was properly admitted as a part of the circumstances connecting defendant with the crime.
The rest of defendant's assignments, 12, 13, 14 and 15, allege error in giving Instructions 2, 4, 5, 6 and 7. Instruction 2 stated the law as to the guilt of persons acting together with common intent in the commission of a crime. *26 Defendant does not claim that it incorrectly stated the law but that it "is not supported by the evidence and is a mere abstract proposition of law." We held in State v. Rozell, Mo.Sup., 279 S.W. 705, 709, that it was not prejudicial error to give a more cryptic instruction about this matter. Instruction 2 herein went further and stated the conditions under which defendant should not be found guilty. (If defendant was "only a spectator, innocent of any unlawful act or criminal intent, etc." (See also State v. Hardin, 324 Mo. 28, 21 S.W.2d 758, 761; and State v. Butler, Mo.Sup., 310 S.W.2d 952.) The facts in evidence hereinabove stated were sufficient to warrant a finding that defendant and his brother were acting together in burglary and stealing. The contentions concerning Instructions 4, 5 and 6 are that there was not sufficient evidence to support their essential findings of breaking, intent to steal, taking any money by defendant or anyone he was aiding and abetting. These contentions have been ruled adversely to defendant by our ruling on the sufficiency of the evidence to sustain his conviction. Therefore, these assignments are overruled. Assignment 15 alleges "there was not sufficient evidence of any prior convictions to support this instruction." This assignment has likewise been determined in our ruling on assignments 6 and 7 and it is also overruled.
We have examined the record as required by Rule 28.02 and find no error respecting the sufficiency of the information, verdict, judgment and sentence. The record does not show arraignment of defendant but it does show that he was tried as though he had been duly arraigned and had entered a plea of not guilty. When so tried, the failure of the record to show arraignment and entry of plea of not guilty does not constitute reversible error. Rule 25.04; State v. Jacobs, Mo.Sup., 321 S.W. 2d 450, 452.
The judgment is affirmed.
All concur.