**STATE of Missouri, Plaintiff-Respondent,**

v.

**Murray HARRIS, Defendant-Appellant.**

**No. 56578.**

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1972.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 13, 1972.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

Kent E. Karohl, Kirkwood, Thomas P. Howe, Clayton, for appellant.

WELBORN, Commissioner.

By an indictment in the Circuit Court for the City of St. Louis, Murray Harris was charged with setting up a common bawdy house within 100 yards of a public school, in violation of § 563.090, RSMo 1969, V.A.M.S.

The case was tried before a jury in the court of Judge Ivan Lee Holt, Jr., on September 23 and 24, 1970. At the close of the state's case, the defendant filed a motion for judgment of acquittal on the grounds that the evidence was insufficient to support the charge. Over defendant's objection, the state was permitted to reopen its case and present additional evidence. The defendant offered no evidence and filed a motion for judgment of acquittal at the close of all the evidence. The motion was considered by the judge who stated (in part):

" * * * I think the question is extremely close, but I am not going to spend any more time on it at this time. The motion for judgment of acquittal will be denied, subject to reconsideration, if that becomes necessary after verdict. * * * At least for the above reasons, for the time being, the motion will be overruled."

An order was entered overruling the motion and the cause submitted to the jury which returned a verdict of guilty. The trial court had previously found the Second Offender Act applicable and upon return of the verdict announced that sentence of five years' imprisonment would be imposed.

On the date of the verdict, September 24, 1970, defendant was granted thirty days additional for filing a motion for new trial. On October 29, 1970, he filed a "MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE A MOTION FOR NEW TRIAL."

The judgment of acquittal was sought because of the inadequacy of the evidence.

On January 11, 1971, the court entered the following order:

"Motion for Judgment of Acquittal granted. Verdict and assessment of punishment of September 24, 1970 set aside and judgment of acquittal entered.

"If this judgment is reversed by an appellate court, defendant's Motion for a New Trial is denied."

On January 18, 1971, the state filed a motion to set aside the order of January 11 on the grounds that the court had no authority to enter such an order. On February 1, 1971, the court made the following order:

"State's Motion To Vacate Order granted. Order of January 11, 1971 set aside.

"On submission of December 4, 1970 of Defendant's alternative motion, Motion For Judgment of Acquittal denied, and Motion For A New Trial granted on specification 1 and denied on all other specifications. Verdict and assessment of punishment of September 24, 1970 set aside."

On February 11, 1971, there was filed in this court a notice of appeal as follows:

"Notice is hereby given that Murray Harris, Defendant above-named, hereby appeals to the Supreme Court from the Court's order sustaining State's Motion to Vacate the Order entered in this action on February 1, 1971, which said order purports to vacate the Court's judgment of acquittal granted January 11, 1971."

The transcript and briefs in this court present several procedural problems. The state, relying upon State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782, contends that Missouri criminal procedure does not authorize a motion for judgment of acquittal after the jury verdict has been returned. Compare Ex Parte United States, 7th Cir., 101 F.2d 870, 131 A.L.R. 176. The February 1, 1971 order purports to grant a new trial more than ninety days following the filing of a motion for new trial, contrary to Supreme Court Rule 27.20(b), V.A.M.R.

However, before this court can consider these questions it must have properly acquired jurisdiction of the purported appeal.

Supreme Court Rule 28.03, V.A.M.R., embodying the provisions of § 547.070, RSMo 1969, V.A.M.S., authorizes an appeal by the defendant "(a)fter the rendition of final judgment in any criminal case".

▮ For purposes of this provision, final judgment requires the imposition of sentence. State v. Jaeger, Mo.Sup., 394 S.W.2d 347, 352[7]; State v. Kelley, 206 Mo. 685, 105 S.W. 606, 608. When a defendant has been found guilty by a jury verdict which assesses the punishment, an appeal by the defendant prior to the pronouncement of sentence and entry of judgment is premature. State v. Blanchard, Mo.Sup., 21 S.W.2d 758; State v. Seats, Mo.Sup., 21 S.W.2d 758.

▮ In the present case, there is no judgment and sentence and the appeal does not even purport to be from a final judgment of the trial court. The order sustaining the state's motion to vacate is not a final judgment. The order purportedly grants a new trial, an interlocutory order from which by virtue of statute (§ 512.020, RSMo 1969, V.A.M.S.) an appeal does lie in civil causes, but no provision for appeal from such an order in a criminal case is to be found.

In one jurisdiction, appeals from an order granting a new trial in a criminal case have been allowed where "circumstances were unusual and justice required the exercise of appellate review at this stage of the proceeding." Commonwealth v. Fox, 181 Pa.Super. 292, 124 A.2d 628, 629–630[1]. However, resort to authorities in other jurisdictions on a matter such as this is of little value in view of the varying ranges of and limitations upon appellate review in other jurisdictions. For example, in Pennsylvania, as pointed out in Fox, the state has a right of appeal from the sustaining of a demurrer by the defendant at the close of the state's case.

In Missouri the right of appeal in criminal cases is dependent upon statutory grant of the right. The constitutional grant of rulemaking power to the Supreme Court expressly excludes from the exercise of such power action affecting the right of appeal. Constitution of Missouri, 1945, Art. V, § 5, V.A.M.S. State ex rel. Garnholz v. La Driere, Mo.Sup., 299 S.W.2d 512. There is no statutory basis for the appeal here attempted and therefore it must be dismissed.

Appeal dismissed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.