**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Anthony MICHAELS, III,
Defendant-Appellant.**

**No. 48231.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 27, 1984.

John M. Morris, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Norman S. London, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant has appealed from the trial court's denial of his motion to dismiss the indictment against him based upon his contention that the indictment violates his right to be free from double jeopardy. The State has filed a motion to dismiss the appeal. That motion is well taken and we grant it.

The right to appeal is given by statute. *Evans v. Barham,* 184 S.W.2d 424 (Mo.1944) [1–3]. Section 547.070 RSMo 1978 provides that a defendant may appeal a "final judgment rendered upon any indictment or information." Rule 30.01 parallels that statute. Rule 74.01 defines a judgment as "the final determination of the rights of the parties in the action." In a criminal case the rendition of a sentence is the final judgment. *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692 (Mo. banc 1979) [1, 2]; *State v. Harris,* 486 S.W.2d 227 (Mo.1972) [1, 2]. The denial of defendant's motion to dismiss did not dispose of the case nor finally determine the rights of the parties. It was not a final judgment and no appeal lies therefrom.

Defendant contends that his right to be free from double jeopardy is defeated if

denial of his motion raising that defense is not appealable, relying on *United States v. Barket*, 530 F.2d 181 (8th Cir.1976) [1–4]. That decision was based on the court's finding that the denial of defendant's motion was appealable as a collateral order under federal law. *Barket* relied heavily on *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). That case specifically held that 28 U.S.C. § 1292 indicated a Congressional intent "to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties." 1c. U.S. 545, 69 S.Ct. 1225. However, the Court also stated that "if Congress had allowed appeals only from those final judgments which terminate an action, this order would not be appealable." [1] *Id.* The Missouri statute allows appeals only from "final judgments which terminate an action." As *Barket* sets forth there is logic to the allowance of an appeal from denial of a motion to dismiss based on double jeopardy grounds. But the statutes of this state do not allow such an appeal and our jurisdiction is dependent on the statutes.

Appeal dismissed.

SNYDER and SATZ, JJ., concur.

---

**1.** Section 547.200 RSMo Cum.Supp.1983 allows appeals by the state from certain pre-trial evidentiary rulings. We are unable to conclude that that extremely limited allowance to the state only is reflective of a legislative intent similar to that found by the Court in *Cohen.*