**STATE of Missouri ex rel. Bobby Joe MAYES, Relator,**

v.

**The Honorable John D. WIGGINS, Respondent.**

**No. SC 85657.**

Supreme Court of Missouri, En Banc.

Dec. 7, 2004.

Deborah B. Wafer, Office of the Public Defender, St. Louis, for relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Kevin M. Zoellner, Asst. Attys. Gen., Jefferson City, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

RONNIE L. WHITE, Chief Justice.

### I.

Relator, Bobby Jo Mayes, was convicted of two counts of first-degree murder and two counts of armed criminal action. Mr. Mayes' convictions were affirmed on direct appeal, but this Court reversed his original sentence and remanded for a retrial of his penalty phase.[1] At the completion of the retrial, the jury returned findings of the presence of aggravating circumstances in connection with the murders, but could not agree on punishment. Respondent discharged the jury, overruled Relator's motion for a life sentence and ordered a new penalty phase trial. Relator seeks alternative writs of mandamus and/or prohibition to prevent Respondent from ordering the retrial and requiring him to enter an order of life imprisonment. This Court issued its preliminary writ of prohibition, which is made absolute as modified. This Court has jurisdiction. Mo. Const. article V, section 4.

### II.

"Prohibition is a discretionary writ, and there is no right to have the writ issued. Prohibition will lie only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power."[2] Prohibition is an appropriate remedy in this instance because Respondent's order granting a new penalty phase trial is an interlocutory order and is not subject to an appeal.[3]

Earlier this year, this Court confronted the same issues raised by Relator and specifically held that when the jury is unable to agree on punishment and the verdict fails to show that the jury found all facts necessary for the imposition of death, that Respondent's only option would be to impose a life sentence.[4] The record is clear that the jury found the presence of aggravating circumstances; however, it is devoid of findings of mitigating circumstances or as to what circumstances the jurors relied upon when not finding that these aggravators warranted an imposition of death. As the prior analysis dictates, under such circumstances Respondent had but one option—to declare a sentence of

1. *State v. Mayes,* 63 S.W.3d 615 (Mo. banc 2001).

2. *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856–57 (Mo. banc 2001).

3. *State v. Harris,* 486 S.W.2d 227, 229 (Mo. 1972).

4. *State ex rel. Baker v. Kendrick,* 136 S.W.3d 491 (Mo. banc 2004); *State v. Whitfield,* 107 S.W.3d 253, 270–271(Mo. banc 2003); section 565.030, RSMo 2000.

life without probation, parole, or release except by act of the governor.[5]

### III.

The preliminary writ is made absolute as modified to prohibit Respondent from taking any action other than to order a sentence of life in prison.

WOLFF, STITH and TEITELMAN, JJ., concur.

PRICE, J., dissents in separate opinion filed.

LIMBAUGH and RUSSELL, JJ., concur in opinion of PRICE, J.

WILLIAM RAY PRICE, JR., Judge, dissenting.

I respectfully dissent.

My disagreement with the majority decision is a continuation of my disagreement with the majority decisions in *State v. Whitfield*, 107 S.W.3d 253, 272 (Mo. banc 2003) (Price, J., concurring and dissenting), and *State ex rel. Baker v. Kendrick*, 136 S.W.3d 491, 495 (Mo. banc 2004) (Price, J., concurring). I also disagree because the majority opinion in the instant case overlooks the applicable statutory language.

Section 565.040, RSMo 1994, is premised upon a "death sentence imposed." Here, no death sentence was imposed. Unlike the situation in *Baker*, the trial court in this case had not allowed its jurisdiction to order a new trial to expire. *See* Rule 29.11(g) ("If the motion for new trial is not passed on within ninety days after the motion is filed, it is denied for all purposes.").

The trial court was fully within its right to order a new trial that would comply with the procedural requirements imposed

by *Whitfield* as a result of the United States Supreme Court decision in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (holding that capital defendants are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment). The preliminary writ should be quashed and a jury should be allowed to determine the defendant's sentence.