**STATE of Missouri, Respondent,**

v.

**Dave Bernard GORDON, Appellant.**

No. 48051.

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied March 13, 1961.

Clarence E. Godfrey, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Dave Bernard Gordon, defendant herein, was charged with robbery in the first degree under the provisions of Section 560.-120 (unless otherwise indicated all statutory references are to RSMo 1949, ·V.A.M.S.). The amended information also charged a prior felony conviction. In accordance with the provisions of Section 556.280, as amended Laws 1959, S.B. No. 117, Section 1 P.P. Vol. 40 V.A.M.S., the trial court (over objection of the defendant) held a hearing outside of the presence of the jury and found "that the defendant was previously convicted of an offense which if committed in this state would be punishable by the laws of the State of Missouri and by imprisonment in the penitentiary." The jury found defendant guilty of robbery in the first degree. Not having submitted the question of punishment to the jury, the court, in compliance with the provisions of Section 556.280, subd. 1, supra, fixed defendant's punishment at imprisonment in the penitentiary for a term of 15

years. See Section 560.135. From the ensuing judgment and sentence defendant has duly appealed.

The sole point raised in defendant's brief is that the trial court erred in proceeding under the provisions of the Habitual Criminal Act, i. e., Section 556.280, supra. In that situation a brief statement of facts will suffice.

The State's evidence tended to prove the following facts: On August 20, 1959, defendant and an accomplice entered Maxwell's Bi-Rite Market located at 4025 Wilmington, St. Louis, Missouri. Shortly thereafter defendant put his arm around Mrs. Maxwell's waist and placed an object against her back which appeared to be a gun. He forced her to open a cash register from which he removed the money. At the same time his accomplice obtained the money from another cash register. The total amount taken was $343. The men then left the store and ran down a nearby alley. A license number was obtained from a panel truck in which it was thought the robbers had fled. A check by police apparently disclosed that defendant was the owner of the truck from which the license number had been obtained and he was arrested at his residence a few hours after the robbery. A toy gun identified as being similar in appearance to the gun used by defendant in the robbery was found under the seat of defendant's truck. Five of the persons employed in the store identified defendant as one of the robbers. The identifications were made shortly after defendant's arrest and repeated at the trial. Defendant denied the charge and at the trial presented evidence tending to establish an alibi.

For reasons hereinafter stated we agree with defendant's contention that the court erred in proceeding under the Habitual Criminal Act. The trial should have been conducted without regard for the provisions of original Section 556.280, or that section as amended, supra, and the jury should have been instructed (in the event it found defendant guilty) to assess his punishment at "imprisonment in the penitentiary for not less than five years." Section 560.135.

The allegations and proof showed that on March 21, 1958, defendant entered his plea of guilty to certain charges of forgery in the United States District Court for the Eastern Division of the Eastern District of Missouri. It was thereupon "adjudged that imposition of sentence upon defendant be and hereby is suspended and defendant placed on probation for a period of two (2) years in accordance with conditions filed herein. It is further ordered that during the period of probation the defendant shall conduct himself as a law-abiding, industrious citizen and observe such conditions of probation as the court may prescribe. Otherwise the defendant may be brought before the court for a violation of the court's orders." The evidence indicates that the instant offense was committed on August 20, 1959, which was during the period of probation specified in the order of the District Court.

Prior to the 1959 amendment (which became effective on August 29, 1959), Section 556.280 provided, in part, as follows:

"If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows:

"(1) If such subsequent offense be such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for life, or for a term which under the provisions of this law might extend to imprisonment for life, then such person shall be punished by imprisonment in the penitentiary for life."

It is clear that the federal court proceedings would not have supported a conviction of defendant under the quoted provisions of Section 556.280 because he had not been "discharged, either upon pardon or upon compliance with the sentence." See State v. Brinkley, 354 Mo. 1051, 193 S.W. 2d 49, and State ex rel. Stewart v. Blair, 356 Mo. 790, 203 S.W.2d 716.

Section 556.280, as amended, supra (under which the trial court proceeded) provides, in part, as follows:

"If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:

"1. If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted.

"2. Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, then the jury shall determine guilt and punishment as in other cases."

We think it is equally clear that the federal court proceedings would not support the application of amended Section 556.280, supra, in this case. This for the reason that said section expressly provides that, as a condition for invoking the provision whereby the trial court shall determine the punishment, the defendant, as to the prior conviction, "shall be sentenced," and in subsection 2 it is specified that there must be a finding by the trial court that there has been a prior conviction, *sentence,* etc.

 In the federal case heretofore described the defendant was not sentenced. The record plainly states that "imposition of sentence * * * hereby is suspended." A suspended sentence is "a suspension of active proceedings in a criminal prosecution. It is not a final judgment * * *." 24 C.J.S. Criminal Law § 1571, p. 47. The phrase "suspended sentence" is not a "sentence" at all but is used to describe the act of withholding the "sentence" in a case. A "suspended sentence" is not a "sentence" within the meaning of that word as used in amended Section 556.280, supra. "* * * [A] statute authorizing a more severe punishment to be inflicted upon one convicted of a second or subsequent offense is highly penal, and should be strictly construed and not extended in its application to cases which do not by the strictest construction come under its provisions." 24 C.J.S. Criminal Law § 1959a, p. 1144.

The views heretofore expressed make it unnecessary for us to rule the contention that Section 556.280, as amended, supra, would be invalid as an ex post facto law if applied under the facts of this case.

As indicated, we rule that the trial court erred in proceeding under the provisions of Section 556.280, as amended, supra, and for that reason the judgment is reversed and cause remanded for a new trial.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.