**UNITED LABOR COMMITTEE, INC., Appellant,**

v.

**John ASHCROFT et al., Respondents,**

and

**Freedom to Work Committee, Inc., Intervenor-Respondent.**

**No. 61015.**

Supreme Court of Missouri, En Banc.

Oct. 24, 1978.

---

James G. Walsh, Jr., Kansas City, for appellants.

John D. Ashcroft, Atty. Gen., Larry Marshall, J. Michael Davis, Asst. Attys. Gen., Jefferson City, for respondents.

Cullen Coil, Jefferson City, for intervenor-defendant.

SEILER, Judge.

The threshold question in this case is whether an appeal lies from the action of the circuit court in certifying to the secretary of state an official ballot title and fiscal note.

Appellants, plaintiffs below, being dissatisfied with the official ballot title for Constitutional Amendment No. 23, proposed to be submitted to the voters at the general election of November 7, 1978, petitioned the circuit court for a different official ballot title, setting forth the reasons why the official ballot title was unfair, as authorized by § 125.030.8, RSMo Supp.1977. After a hearing, the circuit court certified the original ballot title and fiscal note to the secretary of state to be used for the constitutional amendment. From this action the plaintiffs filed their notice of appeal. The attorney general has moved to dismiss the appeal, contending that the statute does not provide for an appeal from such certification by the circuit court and that plaintiffs are not otherwise entitled to an appeal.

■ It is well established that the right of appeal is statutory. Without underlying statutory authority there is no right to an appeal. *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886, 889 (Mo. banc 1977). Section 512.020, RSMo 1969, is the basic statutory provision granting the right to appeal in civil cases. *State ex rel. State Highway Commission v. Armacost Motors, Inc.*, 502 S.W.2d 330, 331 (Mo.1973). In general, the right of appeal from a final judgment has been granted therein to the aggrieved party, where, however, an appeal is not prohibited by the constitution, "nor clearly limited in special statutory proceedings."

Nowhere in Chapter 125 is there any provision for an appeal from the decision of the circuit court certifying to the secretary of state an official ballot title for a proposed constitutional amendment. The Chapter provides only for an appeal to the circuit court of the ballot title provided by the attorney general and forwarded to the secretary of state. Section 125.030.8 provides that the appeal of the ballot title to the circuit court shall be placed at the top of

the civil docket, that the court shall make a timely consideration of the petition, examine the proposed constitutional amendment, hear arguments, and in its decision certify to the secretary of state an official ballot title for the proposed amendment. The statute then closes with the words "The secretary of state shall print on the official constitutional ballot the title thus certified to him." There is no further appeal provided.

Section 125.030 is a special statutory proceeding for the handling of constitutional amendments. It provides for their numbering, the official ballot title, its preparation, for appeal by any dissatisfied citizen to the circuit court for a different ballot title, and provides how the appeal shall be handled. Thus by the language of Section 512.-020, quoted above, Section 125.030 is excluded from its compass.

As appellants point out, prior to 1977, the statute contained the words: "The decision of the circuit court shall be final." By amendment in 1977, S.B. 97, these words were removed. This, however, is no more than the removal of a redundancy by the legislature, as even without the above words there is no right to appeal for the reasons stated earlier. Had the legislature intended to provide for an appeal from the certification of the circuit court it undoubtedly would have said so directly, in so many words, as it did when establishing the right in primary election contests. In that instance the prior law, § 124.050, RSMo 1969, provided that "The judgment of the [circuit] court in the cause shall be final and conclusive, from which there shall be no appeal." In 1972, S.B. 628, the statute was amended to provide expressly that either party may appeal the judgment to the appropriate court of appeals district and provided further that the appellate court should give preference of hearing over all other cases. No such intent on the part of the legislature appears in the statute under consideration in the case before us now.

The basic statute on appeals, § 512.-020, being of no help to plaintiffs and Chapter 125, making no provision for appeal beyond the appeal to the circuit court, there is no right of appeal to this court or any appellate court on the part of plaintiffs and the motion of the attorney general to dismiss the appeal is therefore sustained.

Appeal ordered dismissed.

MORGAN, C. J., and FINCH, DONNELLY and RENDLEN, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SIMEONE, J., dissents and concurs in dissenting opinion of BARDGETT, J.

BARDGETT, Judge, dissenting.

I respectfully dissent. There are many statutes governing special actions which do not, in so many words, specify that an appeal to an appellate court is allowed or prohibits such an appeal. Some of these special actions are mandamus, quo warranto and replevin.

Sec. 512.020 provides that a right of appeal exists from a judgment of any trial court, in "any civil cause from which an appeal is not prohibited by the constitution, nor *clearly* limited in special statutory proceedings, . . ." (Emphasis supplied.) As pointed out in the principal opinion, the legislature knows how to "clearly" limit the right of appeal as they have done so in the prior law with respect to primary election contests. Former sec. 124.050, RSMo 1969, stated, "the judgment of the court in the cause shall be final and conclusive, from which there shall be no appeal."

Chapter 125, under which this action is brought, does not explicitly nor "clearly" limit or prohibit an appeal. The fact of the matter is that the only words which could even possibly be construed to have that effect was the provision contained in chapter 125 prior to 1977, to wit: "The decision of the circuit court shall be final." This sentence was removed by Senate Bill 97 in 1977. Therefore, at this time there is simply nothing in this statute which clearly limits the right of appeal or prohibits it. The majority opinion simply arrives at that conclusion because the legislature saw fit to say what the effect of the court action would be by declaring that the Secretary of State shall obey the court order.

The principal opinion suggests that there is no appeal because the statute does not specifically so provide for an appeal. Sec. 512.020 does not require that a statute affirmatively provide for an appeal in order for there to be one. It grants the right of appeal generally unless the appeal is prohibited by the constitution or clearly limited. It is quite difficult to understand how an appeal could be "clearly limited" when the statute under consideration does not even mention the matter.

It may well be in the time constraints attending this type of action that the legislature may appropriately limit the right to appeal as they have previously done in primary election contests. But the fact of the matter is that they have not done so here.

Because the principal opinion does not undertake to uphold the ballot title prescribed by the Attorney General, I will not deal with the matter further in this dissent.

In my opinion, Chapter 125 does not clearly limit or prohibit the right of appeal by an aggrieved party and consequently the appellant had that right under sec. 512.020. I therefore dissent.