STATE of Missouri ex rel. George A. PEACH, Circuit Attorney, City of St. Louis, State of Missouri, Plaintiff,

v.

The Honorable Daniel T. TILLMAN, Judge of the Circuit Court of St. Louis, Missouri, Defendant.

No. 43828.

Missouri Court of Appeals, Eastern District.

March 10, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied June 8, 1981.

James K. Steitz, Asst. Circuit Atty., St. Louis, for defendant.

Norman S. London, St. Louis, for plaintiff.

PER CURIAM.

This is an original proceeding in prohibition in which plaintiff, the Circuit Attorney for the City of St. Louis, seeks our writ to prohibit defendant from enforcing his order closing and expunging all records of the arrest, trial, verdict and probation of Milton

Kardesch, M.D. and enjoining the State of Missouri, its officers and agencies from use or disclosure of said records.

Milton Kardesch, M.D. was charged by a grand jury with the felony of Mingling Poison with Food or Medicine, § 559.150 RSMo 1969. On March 9, 1978, a jury found Dr. Kardesch guilty of the charge and assessed punishment at twelve years in the Missouri Department of Corrections. The defendant, on April 21, 1978, heard and overruled Dr. Kardesch's motion for new trial. On July 21, 1978, the trial court suspended imposition of sentence and placed Dr. Kardesch on probation for a period of five years, in accordance with § 549.-071(1) RSMo 1969.[1] Dr. Kardesch filed a motion for termination of probation and for expungement of records and on January 6, 1981, the defendant found that the movant had fully complied with the terms of his probation and entered the following order:

"It is, therefore, ordered that Defendant's probation, heretofore ordered by the Court be terminated effective this date, that Defendant be fully discharged, and that the charge against Defendant be dismissed.

"It is further ordered that all records pertaining to Defendant's arrest, trial, verdict and probation be closed and expunged and the State of Missouri and all agencies and officers thereof are hereby ordered to remove from the records maintained by them or coming under their direction and control any and all references to the arrest, booking, investigation, trial, verdict and probation relating to the prosecution of Defendant and are hereby prohibited and enjoined from the use or disclosure of said records in any fashion or in any proceeding."

Defendant refused to stay execution of his order and indicated that he would en-

force the order which would result in immediate closure and expungement of the records enumerated in its order. This proceeding presents issues with respect to the effect of suspension of imposition of sentence that are of concern to the trial bench which cannot be reached by appeal. Our preliminary order issued.

Plaintiff's primary contention is that defendant exceeded its jurisdiction insofar as its order directs the State of Missouri, its officers and agencies to close and expunge all records with respect to the case of *State v. Kardesch*. Plaintiff argues that neither §§ 610.100, 610.105 RSMo 1978 nor the inherent equity powers of the court empower the court to make such an order.

We consider first the statutory provisions. They read as follows:

"610.100 Arrest records, closed, when—expunged, when

If any person is arrested and not charged with an offense against the law within thirty days of his arrest, all records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records to all persons except the person arrested. If there is no conviction within one year after the records are closed, all records of the arrest and of any detention or confinement incident thereto shall be expunged in any city or county having a population of five hundred thousand or more.

(L. 1973, p. 502, § 6.)"

"610.105 Effect of nolle pros or dismissal on records

If the person arrested is charged but the case is subsequently nolle prossed, dismissed or the accused is found not guilty in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records to all persons except the person arrested or charged.

(L. 1973, p. 502, § 7.)"

---

1. "549.071. Parole and probation may be granted, when—terms, length of—extensions 1. *When any person of previous good character* is convicted of any crime and commitment to the state department of correction or other confinement or fine is assessed as the punishment therefor, the court before whom the conviction was had, if satisfied that the defendant,

if permitted to go at large, would not again violate the law, may in its discretion, by order of record, suspend the imposition of sentence or may pronounce sentence and suspend the execution thereof and may also place the defendant on probation upon such conditions as the court sees fit to impose..." Recently codified at § 549.071 RSMo 1978.

There is clearly a distinction between these two sections. In § 610.100 RSMo 1978 provision is made for closure of all records of arrest and confinement if no charge is made within thirty days of the arrest. This section contemplates situations where no charge is made within the one year period of the closure or where a charge is made after the records have been closed and in such cases if no conviction occurs within one year after closure the records shall be expunged. This section makes a distinction between expungement and closure. Neither the pleadings nor the order of the court purport to bring this case within the terms of § 610.100 RSMo 1978.

The remedy available under § 610.105 RSMo 1978 is closure of "official records." Plaintiff urges us to hold that the records of the Circuit Attorney's office are not "official records" within the meaning of § 610.105 RSMo 1978. Because of the conclusion that we reach in this case we are not required to reach this issue.

The three instances in which the court may order closure of records under § 610.105 RSMo 1978 are when the case has been (1) nolle prossed, (2) dismissed or when (3) the accused has been found not guilty.

The trial court's order provided that Dr. Kardesch be fully discharged and that "the charge against [him] be dismissed." The issuance of our preliminary order raises the question of whether the trial court's order exceeded its jurisdiction. Before a court can order closure of official records the cause must have been concluded in one of the ways provided in § 610.105 RSMo 1978. We must first determine whether the court had authority to order dismissal of the charge against Dr. Kardesch.

■ In its original brief the plaintiff would waive the question of defendant's jurisdiction to dismiss the charge against Dr. Kardesch. It has been long held that "[j]urisdiction, or excessive jurisdiction, cannot be conferred by appearance or agreement" nor can it be waived by the parties to an action. *State ex rel. Highway Commission v. McDowell*, 236 Mo.App. 304, 152 S.W.2d 223 (1941). As a result of plaintiff's attempted waiver defendant did not have an opportunity to respond to the issue. The issue has since been briefed by the parties and we must consider this issue before we reach the matter originally briefed by parties.

This issue is closely related to another problem that is inherent in our consideration of this matter. The trial courts have had no direction by the legislature or by the appellate courts with respect to final disposition of those cases in which the court, as here, has suspended the imposition of sentence.

■ The statute in effect at the time the court suspended imposition of sentence granted the court power to suspend imposition of sentence and place the guilty person on probation. § 549.071 RSMo 1969.[2] Nothing is said of the nature and consequences of the suspended imposition of sentence. Suspension of imposition of sentence is a hybrid in the law. It is a suspension of active proceedings in a criminal prosecution. It is not a final judgment. *State v. Gordon*, 344 S.W.2d 69, 71 (Mo.1961). Because there is no final judgment, there can be no appeal from such an order. See *State v. Harris*, 486 S.W.2d 227 (Mo.1972). It has been held that it is not a conviction within the meaning of the Second Offender Act § 556.280 RSMo 1969;[3] *State v. Gordon, supra*, nor can it be used to impeach a witness under § 491.050 RSMo 1978. *State v. Frey*, 459 S.W.2d 359 (Mo.1970).

As stated in other jurisdictions, suspension of imposition of sentence is a matter of "grace, favor and forebearance." *Pagano v. Bechly*, 211 Iowa 1294, 1298, 232 N.W. 798, 800 (1930). Suspension of imposition of sentence is a salutary means of relieving a person who is guilty of a crime from the stigma of a conviction when the court in its discretion feels that the ends of justice warrant the court's forebearance.

---

2. § 557.011 RSMo 1978 is substantially the same as § 549.071 RSMo 1969.

3. Now codified at § 558.016 RSMo Supp. 1980 "Extended terms for dangerous offenders."

Defendant argues that the suspension of imposition of sentence would subject the guilty person to the possibility of being sentenced at any time and for that reason the court is empowered to order dismissal of the charge to remove this damoclean sword.

■■■ Only the prosecuting authority has the power to nolle prosse or reduce a charge. *State ex rel. Dowd v. Nangle*, 365 Mo. 134, 276 S.W.2d 135 (1955). The court may dismiss a charge for lack of jurisdiction, for failure of the information or indictment to state a crime. See *State ex rel. Corcoran v. Buder*, 428 S.W.2d 935 (Mo. 1968). It may also dismiss an action for failure to accord the defendant a speedy trial under constitutional or statutory provision. U.S.Const. VI Amendment, Mo. Const. Art. 1, § 18(a), § 545.780 RSMo 1978. There is no contention that the court lacked jurisdiction of the subject matter or of the person of the accused or that the indictment failed to state a crime or that defendant was not given a speedy trial. The trial court is also authorized to enter a judgment of acquittal when the State's evidence is not sufficient to prove the crime charged. Rule 27.07 formerly Rule 26.10. Once the State has passed the test of legal sufficiency the trial court is without authority to enter a judgment of acquittal. *United States v. Brown*, 587 F.2d 187 (5th Cir. 1979). The order of the trial court in this case dismissing the charge is based upon a finding of the court that defendant had "fully and completely complied with all terms and conditions of his probation." There is no statute or rule of law that authorizes a court to dismiss a charge or enter a judgment of acquittal for such cause. The trial court in this case was without jurisdiction to dismiss the charge against Dr. Kardesch. As a consequence this case does not come within the provisions of § 610.105 RSMo 1978.

■■ It does not follow, however, that Dr. Kardesch remains subject to being sentenced at a subsequent time in this case. Logic dictates that when the recipient of a suspended imposition of sentence has complied with the terms of his probation the court may discharge him from the jurisdiction of the court so that a judgment of conviction may not thereafter be entered upon the verdict in that case.

Defendant urges that a holding that the trial court was without jurisdiction to dismiss the charge because Dr. Kardesch has been discharged from probation would have a "revolutionary" impact on judicial procedure in this state. Defendant acknowledges that this case does not involve a plea of guilty but argues that an adverse holding would affect guilty pleas. It argues that defendants in criminal cases have been routinely advised that upon a plea of guilty if the court were to see fit to suspend imposition of sentence the benefits of dismissal and closure would be available to him. Nothing we have said would change this concept, because Rule 29.07(d) specifically provides a method by which the trial court may set aside the guilty plea of the penitent criminal who has been given a suspended imposition of sentence. This rule, formerly Rule 27.25, provides:

> "(d) *Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

When the plea of guilty is set aside the charge remains and the prosecuting authority, not the court, is empowered to dismiss the charge then pending. There is no rule comparable to Rule 29.07(d) that is applicable to suspension of imposition of sentence in those cases where a jury has returned a verdict of guilt.

Neither the parties nor our research has led us to any statute, rule, or to case law that would authorize a trial court to dismiss a criminal case for any reason other than those set out above. The trial court was not empowered to close or to expunge the records under §§ 610.100 or 610.105 RSMo 1978.

### Inherent Equitable Powers

We next consider whether the trial court's order of expungement may be sustained under that court's inherent equity powers.

There are no cases in Missouri that discuss this issue. The federal courts have determined that they have inherent equitable power to expunge criminal records when necessary to preserve basic legal rights. *Menard v. Saxbe*, 498 F.2d 1017, 1023 (D.C. Cir. 1974). It has been held that this power to expunge criminal records "is a narrow one, to be exercised in cases of illegal prosecution or acquittals and is not to be routinely used." *United States v. McMains*, 540 F.2d 387 (8th Cir. 1976). In *McMains* the defendant had entered a plea of guilty and was sentenced to three years probation under the Federal Youth Correction Act. 18 U.S.C. § 5005 et seq. Thereafter he was unconditionally discharged from probation; as a result his conviction was automatically "set aside." 18 U.S.C. § 5021(b). Upon request of defendant the trial court ordered the record of his conviction expunged. On appeal the court vacated the order of expungement holding that the case presented no extraordinary circumstances that would warrant expunction of the record of conviction under the court's inherent equity powers. *McMains* at 390. It has also been held that not every case of an acquittal warrants expunction of criminal record. *United States v. Linn*, 513 F.2d 925 (10th Cir. 1975).

In the case before us Dr. Kardesch was charged by a valid indictment with a felony. A jury found him guilty of that crime. The trial court overruled the motion for new trial and suspended the imposition of sentence.

█ As a general rule those cases in which a person has been granted a suspension of imposition of sentence will not present the extraordinary circumstances that would warrant an order expunging the criminal records surrounding that case. This case is not one where there was an illegal prosecution or an acquittal.

█ From what we have said herein it is not necessary for us to determine whether the legislature by enactment of §§ 610.100 and 610.105 RSMo 1978 has confined the remedies of expunction and closure of record to the instances enumerated in those statutes. Even if we were to hold that the trial court had inherent power to order expunction, the case at bar does not present extraordinary circumstances that would warrant expunction of Dr. Kardesch's records.

The trial court's order insofar as it orders the dismissal of charges and closure and expunction of the records of Dr. Kardesch is in excess of its jurisdiction. The order to that extent is vacated and our writ of prohibition is made absolute.