STATE of Missouri, Plaintiff-Respondent,

v.

Claude LYNCH, Defendant-Appellant.

No. 66043.

Supreme Court of Missouri, En Banc.

Nov. 20, 1984.

Timothy F. Devereux, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

The issue in this case is whether a defendant may appeal from a conviction in which there is a suspended imposition of sentence ordered by the trial court. The Eastern District of the Missouri Court of Appeals found that a suspended imposition of sentence is not a final, appealable judgment and dismissed defendant's appeal. This Court granted transfer, and on consideration of the same issue we reach a similar conclusion.

In a court tried case, defendant was convicted of second degree burglary—a violation of § 569.170, RSMo 1978. Imposition of sentence was suspended by the trial judge, and defendant was placed on probation for one year. Defendant sought to appeal his conviction, but on the state's motion defendant's appeal was dismissed by the Court of Appeals for the reason that there was no final judgment. Thus, the controversy centers on whether a suspended imposition of sentence is a final judgment. It is not. This seems simple enough, but the facts of this case and the dilemma in which defendant finds himself give cause to ponder the controlling legal rubric.

An abundance of precepts afford guidance. Absolutely fundamental is the principle that the right to appeal is statutory. We start and build from this point. "The right of appeal in a criminal case is purely statutory, no such right existed at common law." *State ex rel. Garnholz v. La Driere*, 299 S.W.2d 512, 515 (Mo. banc 1957); the right to appeal is based upon statutory law. "Without underlying statutory authority there is no right to an appeal." *United Labor Committee, Inc. v. Ashcroft*, 572 S.W.2d 446, 447 (Mo. banc 1978).

Next, appeal in Missouri is limited to cases of final judgment. Section 547.070,

RSMo 1978, governing the right to appeal in criminal cases, specifically makes that provision:

> In all cases of *final judgment* rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant, provided, defendant or his attorney of record shall during the term at which the judgment is rendered file his written application for such appeal. (Emphasis added)

■ The next basic premise is that judgment in a criminal case does not become final for purposes of appeal until sentence is entered. Imposition of sentence must occur before the appellate process can begin. *State v. Murphy,* 626 S.W.2d 649, 650 (Mo.App.1981).

*State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692 (Mo. banc 1979) states that "[t]he very term 'sentence' has been defined to mean 'judgment or final judgment,' and a criminal case is not ripe for appeal if no sentence has been pronounced." *Id.* at 694. This statement is congruent with the following holding of *State v. Harris,* 486 S.W.2d 227 (Mo.1972):

> For purposes of this provision [§ 547.-070], final judgment requires the imposition of sentence. *State v. Jaeger,* Mo. Sup., 394 S.W.2d 347, 352[7]; *State v. Kelley,* 206 Mo. 685, 105 S.W. 606, 608. When a defendant has been found guilty by a jury verdict which assesses the punishment, an appeal by the defendant prior to the pronouncement of sentence and entry of judgment is premature.

*Id.* at 229.

The following quote from *State v. Motley,* 546 S.W.2d 435 (Mo.App.1976) is also appropriate:

> The Missouri Supreme Court, discussing the concept of sentencing, has stated:

> "In its technical legal sense the sentence generally constitutes and has the same meaning as judgment or final judgment or determination against accused in a criminal case."

*Id.* at 436 (*quoting* from *State v. Pruitt,* 169 S.W.2d 399, 400 (Mo.1943)).

■ The foregoing leads to the following conclusion of the cynosure of this case: suspended imposition of sentence is not a final judgment for purposes of appeal.

*State v. Gordon,* 344 S.W.2d 69 (Mo. 1961), in defining a suspended imposition of sentence, states:

> The phrase "suspended sentence" is not a "sentence" at all but is used to describe the act of withholding the "sentence" in a case. A "suspended sentence" is not a "sentence" within the meaning of that word ....

*Id.* at 71.

■ An accurate definition of "suspension of sentence" is provided in 24 C.J.S. § 1571(1)(a) (1961), as follows: "Suspension of sentence is a suspension of active proceedings in a criminal prosecution. It is not a final judgment, or the equivalent of a nolle prosequi or discontinuance, nor does it operate as a discharge of accused."

Finally, *State ex rel. Peach v. Tillman,* 615 S.W.2d 514 (Mo.App.1981), specifically and correctly finds that suspended imposition of sentence is not a final appealable judgment. It "is a hybrid in the law." *Id.* at 517.

Most recently, in *State v. LaPlant,* 673 S.W.2d 782, 785 (Mo. banc 1984), this Court recognizes that with an s.i.s. and the suspension remaining in effect, no "judgment" exists.

So it is by virtue of the suspension of imposition of sentence, which is not a final, appealable judgment, that defendant's conviction is not ripe for appeal; hence, his dilemma. This was brought about by statutory changes and case law subsequent to *State ex rel. Peach v. Tillman, supra.*

The rationale for the Eastern District's decision in *Tillman* and in support for finding that suspended imposition of sentence provides no final judgment was stated as:

Suspension of imposition of sentence is a salutary means of relieving a person who is guilty of a crime from the stigma of a conviction when the court in its discretion feels that the ends of justice warrant the court's forebearance.

*Id.* at 517.

*Tillman, supra,* also notes that a suspension of imposition of sentence is "not a conviction within the meaning of the Second Offender Act ... nor can it [the finding of guilt] be used to impeach a witness...." *Id.* at 517.

■ The reasoning cited in *Tillman,* however, is no longer applicable due to recent legislative enactments. The stigma of a conviction now attaches before sentencing. For instance, § 491.050, RSMo Cum.Supp.1983, provides:

[A]ny prior pleas of guilty, pleas of nolo contendere, and findings of guilty may be proved to affect his [the witness'] credibility in a criminal case. Such proof may be either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer.

By virtue of this statute, a defendant is subject to impeachment merely upon a finding of guilty by a trier of fact. *State v. Jackson,* 651 S.W.2d 547, 548 (Mo.App. 1983).

■ A defendant also suffers the prejudice of a conviction even if imposition of sentence is suspended, in that his finding of guilt confers upon him the "prior offender" status under § 558.016, RSMo Cum. Supp.1983.

In *State v. Acton,* 665 S.W.2d 618 (Mo. banc 1984), this Court held that prior pleas of guilty with suspended sentences under former drunk driving statutes constituted convictions for the purpose of enhancing a defendant's sentence. Similarly, *State v. Preston,* 673 S.W.2d 1 (Mo. banc 1984), holds that a guilty plea with suspended imposition of sentence can be used as an aggravating circumstance under § 565.-006.2, RSMo Cum.Supp.1983 (repealed, Mo. Laws, S.B. 276 § 1 and replaced by § 565.-032.1(3), effective July 1, 1984).

*State v. LaPlant,* 673 S.W.2d at 785, allows the use of a guilty plea with suspended imposition of sentence for impeachment purposes and as a prior conviction for sentencing purposes. This is so notwithstanding that LaPlant's s.i.s. conviction was prior to the enactment of § 491.050, RSMo Cum.Supp.1983.

Thus, a suspended imposition of sentence now carries with it the stain of certain undesirable attributes of a conviction, such as use for enhancement of punishment, prior offender status, impeachment and aggravating circumstance.

To counter defendant's position that he is disadvantaged by the s.i.s. without appeal, the state argues that a defendant who has received a suspended imposition of sentence will have the official records relevant to his or her case closed upon successful completion of probation. The state contends that this provision separates the defendant from other criminal defendants who have had their sentences imposed immediately. Although the state is correct in asserting that §§ 610.105 and 610.106, RSMo Cum.Supp.1983, provide a procedure for closing a defendant's record and making such records inaccessible to the general public, the beneficial impact of the closed records statutes is greatly reduced by § 610.120, RSMo Cum.Supp.1983. This latter provision makes available "closed records" to the "courts, administrative agencies, law enforcement agencies, and federal agencies for purposes of prosecution, litigation, sentencing, parole consideration and to federal agencies for such investigative purposes as authorized by law

or presidential executive order." Therefore, the provisions cited by the state do not offer the defendant who has received a suspended imposition of sentence any significant amount of confidentiality. *State v. Bachman,* 675 S.W.2d 41, 49 (Mo.App. 1984).

 However, the discussion of defendant's plight does nothing to relieve it. The fact remains that a suspended imposition of sentence is not a final judgment. Right of appeal in criminal cases is limited by statute to final judgments. § 547.070, RSMo 1978. This Court should not, indeed cannot due to constitutional restraints, establish some new rule pertaining to rights of appeal which would be contrary to extant statutory authority. *State ex rel. Garnholz v. La Driere,* 299 S.W.2d at 515–17.[1]

Appeal dismissed.

HIGGINS, BILLINGS and DONNELLY, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, C.J., and WELLIVER, J., dissent and concur in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

The principal opinion unnecessarily allows the trial judge to place the indelible brand of felon on a defendant without allowing the defendant appellate review.

I agree that the right of appeal is purely statutory, but there is a firm statutory policy of affording an appeal from a criminal conviction which carries indelible consequences.

The initial thought behind suspension of imposition of sentence (S.I.S.), as authorized by § 557.011(3), RSMo 1978, was that

the conviction and ensuing stigma would be eradicated on the successful completion of the period of probation. The logic of *State ex rel. Peach v. Tillman,* 615 S.W.2d 514 (Mo.App.1981) is that the defendant is not aggrieved by the initial finding of guilty and may never be. By this reasoning it is easy to say that the judgment is not final.

The legislature, however, departed from the pure theory of S.I.S., in imposing the indelible consequences detailed in the principal opinion. There was apparent feeling that drunken drivers and drug merchants were not being adequately punished. The indelible consequences are the hallmark of finality. The logic of *State ex rel. Peach v. Tillman, supra,* no longer applies, and we should not perpetuate it.

My concern is heightened because the conviction seems to be a very doubtful one. A landlord is found guilty of burglary because one item of property of a delinquent tenant, who had apparently abandoned the premises, was found in his apartment. So far as I can discern, the principal opinion holds that there is no means whatsoever of correcting this apparent wrong.

I suppose that the defendant might reject the S.I.S. and ask for a sentence with suspended execution. But defendants should not have to play Russian Roulette in the pursuit of justice.

Another possibility would be to permit an appeal at the expiration of the period of probation. I assume that, if a defendant receives S.I.S. and then violates the conditions of probation, the ensuing sentence would constitute a final and appealable judgment. The expiration of the probation period would render the conviction, with ensuing consequences, as final as it will ever be. So, at the very least, I would treat the notice of appeal as having been filed at the expiration of the suspension period and would proceed to the merits.

Under either theory I would retransfer the case to the Court of Appeals for consideration of the merits.

1. As suggested by the Eastern District, defendant may request the trial court to impose sentence, *e.g.,* a suspended execution of sentence,

and thereby have his final, appealable judgment. Remedial legislation by the General Assembly is another course available.