Dear Dr. Black:
This opinion is in response to your question asking:
 Does the furlough statute of Missouri authorize the prosecuting attorneys and circuit judges of counties and the City of St. Louis the right to veto the granting of furloughs by the Department of Corrections and Human Resources, Division of Adult Institution?
Section 217.425, RSMo Supp. 1984, states:
 1. The division director may extend the limits of the place of confinement of an inmate who, he has reasonable cause to believe, will honor his trust, by authorizing him, under prescribed conditions, to visit specifically designated places within the state for a period not to exceed thirty days per year and to return to the same or another designated institution. The authority herein conferred may be exercised to permit the inmate to visit a relative who is ill, to attend the funeral of a relative, to obtain medical services not otherwise available, to contact prospective employers and to participate in approved rehabilitation programs. If the inmate is enrolled in a work release program or in need of emergency medical services, the thirty day per annum limitation shall not apply.
 2. The division director may, under the terms of an interstate agreement, authorize an inmate to go beyond the limits of this state for the period of time and for any of the purposes set out in subsection 1 of this section. Prior to the authorization for an inmate to go beyond the limits of the state, the division shall obtain a written waiver of extradition from the inmate waiving his right to be extradited for any violation of his agreement and shall make arrangements for the return of the inmate with the proper authorities in the states in which he will be traveling.
 3. A copy of any order of the division director shall be sent to the circuit judge, sheriff and prosecuting attorney of the county or circuit attorney of any city not within a county from which the inmate was sentenced and the county of the proposed visit at least ten days in advance of such order except in the case of an order permitting the visit to attend the funeral of a relative. [Emphasis added.]
The term "division director" is defined in Section 217.150(5), RSMo Supp. 1984, as the Director of the Division of Adult Institutions of the Missouri Department of Corrections and Human Resources, or his designee.
The legal issue presented is whether subsection 3 of Section217.425, RSMo Supp. 1984, grants circuit judges, sheriffs and prosecuting or circuit attorneys the right to veto inmate furloughs granted by the Division Director, or his designee, or whether such merely provides such officials with notification of inmate furloughs.
Section 217.425, RSMo Supp. 1984, originated as House Bill No. 1039, 1972 Mo. Laws 853-854. The language at issue in subsection 3 of Section 217.425, RSMo Supp. 1984, was added by Senate Amendment No. 2 to House Bill No. 1039, Seventy-Sixth General Assembly, Second Regular Session, after the bill, as originally introduced, had been passed by the House. See II Senate Journal, Seventy-Sixth General Assembly, Second Regular Session 527 (1972) (amendment offered by Senator Cason).
The "catch words" appearing before Section 3 of House Bill No. 1039, 1972 Mo. Laws at 854, state: "Section 3. Sentencingcourt, notification." Although the "catch words" appearing in connection with public statutes are not part of the bill to be interpreted, State ex rel. Rybolt v. Easley, 600 S.W.2d 601, 606
(Mo.App., W.D. 1980), we believe that in this instance the drafter of this note was correct in his interpretation of the statute.
On its face, subsection 3 of Section 217.425, RSMo Supp. 1984, does not authorize or empower a circuit court, sheriff and prosecuting or circuit attorney with the right to veto the Division Director's decision to grant inmate furloughs. The plain language of the statute mandates notification — not authorization to veto.
Circuit courts have original jurisdiction in all criminal cases. Article V, Section 14(a), Missouri Constitution; Section478.070, RSMo 1978; Section 541.020, RSMo 1978. Such jurisdiction extends until a final judgment is entered. See State v. Lynch,679 S.W.2d 858 (Mo. banc 1984); State v. Jaeger, 394 S.W.2d 347,352 (Mo. 1965). We believe it is difficult to find circumstances where a circuit court has jurisdiction over a defendant committed to the custody of the Division of Adult Institutions of the Department of Corrections and Human Resources. But see Section 217.775.2, RSMo Supp. 1984 (which allows circuit courts to grant defendants probation at any time up to one hundred and twenty days after he has been delivered to the custody of the Division of Adult Institutions). Accordingly, circuit courts do not have jurisdiction over a defendant in the custody of the Division of Adult Institutions of the Department of Corrections and Human Resources, and such courts may not veto decisions of such Division.
CONCLUSION
It is the opinion of this office that subsection 3 of Section217.425, RSMo Supp. 1984, does not grant circuit judges, sheriffs and prosecuting or circuit attorneys a right to veto inmate furloughs granted by the Director of the Division of Adult Institutions of the Missouri Department of Corrections and Human Resources or his designee.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General