STATE of Missouri, Respondent,

v.

Kerry BROOKS, Appellant.

No. 49165.

Missouri Court of Appeals, Eastern District, Division Three.

June 18, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied Sept. 10, 1985.

ed first degree robbery. He was sentenced as a prior offender to ten years' imprisonment. We affirm.

Since the sufficiency of the evidence is not challenged, it is adequate to state that the victim and two witnesses identified the defendant at trial as the man who attempted the robbery.

Defendant's sole point on appeal claims the court erred in overruling an objection to the State's impeachment on cross-examination of defense witness Gayland Mack. Mack testified on direct examination that defendant was with him at a dry cleaners at the time the crime occurred. On cross-examination, the prosecutor impeached Mack by asking him about his guilty plea to a stealing charge in 1982. Mack received a suspended imposition of sentence (SIS) and was placed on probation for that crime. Mack had completed probation under the SIS by the time of defendant's trial.

Defendant claims that because Mack had completed probation under the SIS, no conviction existed, and consequently Mack could not be impeached with the prior proceedings.

■ We first note that the prosecutor had asked Mack whether he had been convicted of stealing, and Mack replied affirmatively before any objection was raised. The point, then, is not properly preserved. However, we have reviewed defendant's point and find no error, plain or otherwise. Rule 30.20.

Henry B. Robertson, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Kerry Brooks, appeals from his conviction, after a jury trial, of attempt-

■ Under § 491.050, RSMo (Supp.1984), it was not necessary that there be a conviction for the guilty plea to be used for impeachment. *State v. Lynch*, 679 S.W.2d 858, 861 (Mo. banc 1984); *State v. Ballard*, 657 S.W.2d 302, 309 (Mo.App.1983). The court in *Lynch* found that due to the statute, the stigma of a conviction attaches before sentencing. "Thus, a suspended im-

position of sentence now carries with it the stain of certain undesirable attributes of a conviction, such as use for enhancement of punishment, prior offender status, *impeachment* and aggravating circumstances." *Lynch*, 679 S.W.2d at 861. (Emphasis added.) Section 491.050 is not limited to situations where the witness was still on probation, nor does the language in *Lynch* so limit the rule.

Sections 610.105 and 610.106, RSMo (Supp.1984) provide a procedure for closing a defendant's criminal record when one has received a suspended imposition of sentence and has completed probation. But as the court in *Lynch* noted, § 610.120, RSMo (Supp.1984) makes those "closed records" available to the "courts, administrative agencies, law enforcement agencies, and federal agencies for purposes of prosecution, litigation, sentencing, parole consideration and to federal agencies for such investigative purposes as authorized by law or presidential executive order." Due to § 610.120, the provisions of §§ 610.105 and 610.106 "do not offer the defendant who has received a suspended imposition of sentence any significant amount of confidentiality." *Lynch*, 679 S.W.2d at 862.

We therefore hold that a witness can be impeached by his prior guilty plea, even though he had completed probation under a suspended imposition of sentence.[1]

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.

1. An SIS is, as noted in *Lynch*, 679 S.W.2d at 860, a "hybrid in the law." The prosecutor in this case initially asked the witness whether he had been *convicted* of the crime of stealing. Arguably the question should have been, "Did you plead guilty?" since judgment was never entered on his guilty plea. Semantics aside, the impeaching effect would appear to be the same and therefore no prejudice attached. Further, there was no objection to the question.