**David G. BONNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 38905.**

Missouri Court of Appeals, Western District.

Aug. 11, 1987.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and MANFORD and LOWENSTEIN, JJ.

PER CURIAM.

Following a jury trial, Bonner was convicted of three counts of stealing in excess of $150.00 and sentenced as a persistent offender to three concurrent terms of fifteen years imprisonment. After his convictions and sentences were affirmed on direct appeal, *State v. Bonner,* 692 S.W.2d 1 (Mo. App.1985), he filed a Rule 27.26 motion. It, too, was denied after an evidentiary hearing and Bonner now appeals. Reasons set forth below mandate that the judgment be reversed and the case remanded.

In his claim for post-conviction relief, Bonner alleged that the state failed to reveal favorable sentencing treatment promised to his two accomplices, Ballenger and Skinner, who testified against him and that his trial counsel was ineffective in failing to (1) object to Bonner's sentencing as a persistent offender when no proof was adduced to prove such status; (2) file a timely discovery motion regarding Ballenger's prior felony convictions; (3) move for a judgment of acquittal at the close of the state's case and preserve the issue in a motion for new trial; (4) file a motion to suppress evidence of the crime found in Bonner's truck; (5) object to testimony from Bonner's accomplices indicating that they had pleaded guilty to the same offenses with which Bonner was charged; and (6) request discovery of certain statements Bonner had made to the police.

In overruling Bonner's motion, the court found that persistent offender status had been established prior to sentencing and that the state had not intentionally withheld evidence of Ballenger's prior convictions. These findings are not challenged on appeal. Bonner does, however, take issue with the court's adverse finding on his claim that his trial counsel was ineffective in failing to obtain discovery regarding Ballenger's prior convictions and with the court's failure to address the remainder of his grounds for relief. As recognized by the state, the court's failure to make specific findings of fact and conclusions of law on all of Bonner's claims necessitates that the case be remanded for that purpose. Rule 27.26(j).

In resolving Bonner's contention that the court erred in finding that his attorney had not been ineffective in failing to obtain discovery, some additional facts are necessary. When Ballenger was cross-examined by Bonner's attorney, he denied that he had ever been convicted of a felony. In fact, he had previously entered a plea of guilty to a charge of felony stealing and been given a suspended imposition of sentence. Thus, Bonner argued that counsel's failure to obtain discovery deprived him of evidence that would have damaged Ballenger's credibility.

The trial court ruled this claim against Bonner on the ground that, inasmuch as Ballenger had received a suspended imposition of sentence, he had not been convicted of the offense. The Court's ruling misses the mark. As provided by § 491.050, RSMo 1986 and as discussed in *State v. Lynch,* 679 S.W.2d 858, 861 (Mo. banc 1984), suspension of imposition of sentence no longer precludes the use of the underlying finding of guilt for impeachment purposes and, semantics aside, evidence of Ballenger's prior felony was a matter that could have been brought out at trial. Accordingly, we conclude that the basis for the court's ruling was erroneous and the court is directed to reconsider this matter on remand. This is not to indicate any direction or advice as to whether the point should be sustained or denied.

The judgment is reversed and the case remanded for further findings of fact and conclusions of law and, if necessary to disposal of the case, an additional evidentiary hearing, all in accordance with the foregoing opinion.