**STATE of Missouri, Plaintiff– Respondent,**

v.

**Harold D. WATERS, Defendant– Appellant.**

No. 19230.

Missouri Court of Appeals, Southern District, Division One.

June 28, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 19, 1994.

Application to Transfer Denied Sept. 20, 1994.

Janice P. Noland, Cecilia D. Noland, Noland & Associates, P.C., Camdenton, for appellant.

W. James Icenogle, Pros. Atty., Camden County, Camdenton, for respondent.

PER CURIAM.

The defendant was charged with attempting to take fish by illegal methods, namely hand fishing, in violation of § 252.040, RSMo 1986, and 3 CSR 10–6.315(5). The records of the court below show that he appeared without counsel and entered a plea of guilty on July 20, 1993. Sentencing was deferred until August 31, 1993.

On August 9, 1993, attorney Janice P. Noland entered her appearance for the defendant. The sentencing set for August 31 was apparently postponed and Attorney Noland filed, on September 22, 1993, a "Motion to Set Aside Incorrect Docket Entry," supported by affidavits. On October 12, 1993, she filed a "Motion to Withdraw Guilty Plea."

On October 19, 1993, the court overruled the Motion to Withdraw Guilty Plea. The court then entered an order suspending imposition of sentence and placing the defendant on one year's supervised probation. Costs were assessed against the defendant.

The defendant filed notice of appeal on November 4, 1993, from the "judgment and sentence" of October 19, 1993. He argues (1) that the court erred in accepting the guilty plea because the facts do not establish commission of an offense; and (2) that the court erred in overruling the motion to withdraw because the guilty plea was not knowingly and understandingly made.

■ The state adduces *State v. Lynch*, 679 S.W.2d 858 (Mo. banc 1984), for the proposition that no appeal lies from an order suspending imposition of sentence, because that kind of order is not a final judgment. We agree. In *Lynch* a majority of the court concluded that the various inconveniences a defendant might suffer between the time of the order suspending imposition and the expiration of the period of probation did not so aggrieve the defendant as to give the judgment finality. Some of the arguments presented by the defendant as to why an appeal should be allowed were raised in the dissenting opinion in *Lynch*, but were rejected by the majority. *Lynch* has not been overruled or qualified by the Supreme Court, and the legislature has not seen fit to modify the governing statutes. It controls our disposition of the case.

■ The defendant's counsel at oral argument conceded the force of *Lynch*, but asks us to consider *State v. White*, 429 S.W.2d 277 (Mo.App.1968), for its holding that an order denying leave to withdraw a guilty plea is an appealable order. In that case, however, the lower court had pronounced sentence on the defendant's plea of guilty, and so there was judgment which aggrieved the defendant. The motion for leave to withdraw the plea came after sentence. Here, there has been no sentence and so, by reason of *Lynch*, no final judgment or order which supports an appeal. If the defendant is sentenced on account of a probation violation, he would then be entitled to appeal from the conviction and sentence. If the probationary period expires without incident, there will be no sentence and no record of conviction.

Because there is no final and appealable judgment, we need not consider whether we have discretion under Supreme Court Rule 30.03 to treat the plaintiff's brief as a motion for leave to file a late notice of appeal under that rule.

The appeal is dismissed for want of jurisdiction.

All concur.