

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101898 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| vs. | ) | |
| | ) | Honorable Timothy Miller |
| ROBERT B. BONE, | ) | |
| | ) | Filed: September 30, 2014 |
| Defendant/Appellant. | ) | |

Robert B. Bone (Defendant) was convicted of driving while intoxicated and failure to drive within a single lane. The court suspended imposition of sentence and placed Defendant on probation for two years. Defendant has now filed his notice of appeal from this judgment of conviction. The State has filed a motion to dismiss the appeal. Defendant has filed suggestions in opposition. We grant the State's motion and dismiss the appeal.

The criminal appeals statutes limit the right of appeal to final judgments. Section 547.070, RSMo 2000. In a criminal case, the judgment becomes final for purposes of appeal when the judgment and sentence are entered. State v. Welch, 865 S.W.2d 434, 435 (Mo. App. E.D. 1993). Therefore, when imposition of the sentence is suspended, the judgment is not final and a defendant may not appeal it. State v. Larson, 79 S.W.3d 891, 892 (Mo. banc 2002); See also, State v. Lynch, 679 S.W.2d 858, 860 (Mo. banc 1984). Here, the court suspended imposition of Defendant's sentence. As a result, there is no final, appealable judgment.

Where there is no final, appealable judgment, we have no jurisdiction to consider the appeal. State v. Palm, 158 S.W.3d 861 (Mo. App. E.D. 2005). In his response, Defendant argues there are collateral punitive consequences to his conviction, even though imposition of his sentence was suspended. As a result, Defendant contends he should be allowed to file an appeal. He further argues that section 547.070 does not define "final judgment" and that any definition is solely one of judicial interpretation, which he contends this Court can reevaluate at its discretion.

The Missouri Supreme Court in Lynch discussed the collateral consequences of a conviction, even though imposition of sentence is suspended. However, the Court ultimately concluded that despite the collateral consequences, there was no final, appealable judgment. Lynch, 679 S.W.2d at 861-62. This position has been reiterated by the Supreme Court in State v. Larson, 79 S.W.3d 891, 893 (Mo. banc 2002), where the Court, citing Lynch, stated, "In a criminal case, a final judgment occurs only when a sentence is entered." This Court, which is a court under the superintending authority of the Missouri Supreme Court, is bound by the decisions of that Supreme Court. Mo. Const. Art. V, Sec. 2 (1945).

Defendant's appeal is dismissed without prejudice for lack of a final, appealable judgment.

_____
ANGELA T. QUIGLESS, CHIEF JUDGE

LISA VAN AMBURG, J. and
PHILIP M. HESS, J., Concurs

2