

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )   *Opinion issued June 4, 2024*
 )
Respondent, )
 )
v. )   No. SC100254
 )
PAUL W. BODENHAMER, )
 )
Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF ST. CHARLES COUNTY
The Honorable Deborah J. Alessi, Judge

Paul Bodenhamer appeals the circuit court's judgment convicting him of four counts, including possession of a controlled substance (Count I), unlawful possession of drug paraphernalia (Count II), driving while intoxicated (Count III), and failure to signal (Count IV).  The circuit court sentenced Bodenhamer to six years' imprisonment on Count I, fined him $50 each for Count II and Count IV, and suspended the imposition of sentence ("SIS") and placed him on two years' probation for Count III.  Bodenhamer brings one point on appeal, alleging the circuit court erred in overruling his motion to suppress evidence obtained in violation of the Fourth Amendment.  Finding an SIS is not

a final, appealable judgment pursuant to section 547.070[1] and *State v. Waters*, 597

S.W.3d 185, 187 (Mo. banc 2020), this Court dismisses Bodenhamer's appeal.

**Factual and Procedural Background**

Bodenhamer was charged with possession of a controlled substance under section

579.015, unlawful possession of drug paraphernalia under section 579.074, driving while

intoxicated under section 577.010, and failure to signal under section 304.019. Following

a bench trial, the circuit court found Bodenhamer guilty on all four counts. The circuit

court sentenced him to six years' imprisonment on the possession of a controlled

substance count, fined him $50 each for the unlawful possession of drug paraphernalia

and failure to signal counts, and suspended imposition of sentence and placed him on two

years' probation for the driving while intoxicated count.

Bodenhamer appealed to the Missouri Court of Appeals. On appeal, the State

argued the circuit court's judgment was not final for purposes of appeal. The court of

appeals disagreed and continued to the merits of the case. After a review of the merits,

the court of appeals affirmed the circuit court's judgment, finding there was no plain

error in overruling the motion to suppress. The State sought transfer to this Court to

address whether the judgment was final and appealable. This Court finds the judment is

not final and dismisses the appeal.

---

[1] All statutory citations are to RSMo 2016 unless otherwise noted.

**Jurisdiction**

It is this Court's duty to inquire and determine its jurisdiction to hear cases appealed to this Court. *Kelch v. Kelch*, 450 S.W.2d 202, 204 (Mo. 1970). If the Court lacks jurisdiction, the appeal must be dismissed. *Lane v. Lensmeyer*, 158 S.W.3d 218, 222 (Mo. banc 2005). "A prerequisite to appellate review is that there be a final judgment." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997); section 547.070. "A judgment in a criminal case is final 'if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication.'" *State v. Waters*, 597 S.W.3d 185, 187 (Mo. banc 2020) (quoting *State v. Smiley*, 478 S.W.3d 411, 414 (Mo. banc 2016)). "Most often, the question of finality in a criminal case is determined by whether a sentence has been imposed." *Id.* "A judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court." *Id.* at 189.

Bodenhamer was found guilty of four charges, three of which had sentences imposed. The fourth charge resulted in an SIS and two years' probation. This Court has previously determined an SIS "is not a final judgment for purposes of appeal." *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984); *see also Yale v. City of Indep.*, 846 S.W.2d 193, 194-95 (Mo. banc 1993); *State v. Williams*, 871 S.W.2d 450, 452 n.1 (Mo. banc 1994). The Court reasoned that "[a] 'suspended sentence' is not a 'sentence' within the meaning of that word." *Lynch*, 679 S.W.2d at 860 (quoting *State v. Gordon*, 344 S.W.2d 69, 71 (Mo. 1961)). Rather, it is "a suspension of active proceedings in a criminal prosecution." *Id.* (quoting 24 C.J.S. § 1571(1)(a) (1961)). Acknowledging this

3

well-settled law, Bodenhamer requests this Court dismiss his appeal of the count resulting in an SIS for lack of appellate jurisdiction but retain jurisdiction over the remaining counts for which sentence was imposed, consistent with the court of appeals' current practice. As a matter of first impression, this Court finds such practice is improper.[2]

Jurisdiction cannot be had when there is no final judgment. *Gibson*, 952 S.W.2d at 244; section 547.070. A judgment that does not resolve all of the charges in a case is not a final judgment. *Waters*, 597 S.W.3d at 187 (answering in the negative "whether there can be a final judgment for purposes of appeal when a judgment imposes a sentence finally resolving one or more, but not all, charges in a case"). No exception to this definition of a final judgment for charges resulting in an SIS appears by statute, court rule, or this Court's precedent. *See id.*; *Lynch*, 679 S.W.2d at 860; section 547.070; Rule 30.01. Because the charge resulting in an SIS remains pending before the circuit court, the judgment as a whole is not final and cannot be appealed. *See Waters*, 597 S.W.3d at 187.

Bodenhamer argues that a finding that a charge resulting in an SIS is not disposed of would violate both due process and equal protection. Bodenhamer's argument is

---

[2] The amicus brief suggests dismissing this appeal for want of a final judgment "would conflict with settled rules of *stare decisis* and the interpretation of judicial opinions[,]" citing a line of precedent established by the court of appeals. *This Court*, however, has not addressed this specific question and is not bound by lower appellate court precedent. *See* Mo. Const. art. V, section 2 ("The supreme court shall be the highest court in the state. . . . Its decisions shall be controlling in all other courts."); Mo. Const. art. V, section 10.

4

dependent upon his belief that an SIS would never result in a final judgment if the offender's probation is never revoked. [3] This is not accurate. A defendant's right to appeal is not eliminated when imposition of sentence is suspended. Rather, the appeal is merely delayed while the circuit court retains jurisdiction.[4] *See Lynch*, 679 S.W.2d at 860. A judgment is final if it "disposes of all disputed issues *in the case* and leaves nothing for future adjudication." *Waters*, 597 S.W.3d at 187 (emphasis added). Once a circuit court either revokes probation and imposes a sentence or discharges a defendant from probation, there are no further issues for the circuit court to decide, and the circuit court no longer has jurisdiction. Therefore, upon completion or revocation of probation, the judgment will become final, and Bodenhamer may then appeal.

---

[3] Bodenhamer cites section 610.105 to support the idea that a count resulting in an SIS is never dismissed, but merely "closed" or "terminated" and, therefore, the charge resulting in the SIS will always be attached to the other convictions for which sentence is actually imposed, meaning the judgment as a whole will never be deemed final. *See* section 610.105.1 ("If the person arrested is charged but . . . imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated. . . .")

[4] This Court has recognized alternatives criminal defendants may utilize to avoid the delay of an appeal. *See Waters*, 597 S.W.3d at 188. For example, defendants can avoid this delay by forgoing the option of probation and receiving a sentence on all the charges in the case. *See* section 559.036.5; *State ex rel. Delf v. Missey*, 518 S.W.3d 206, 212 (Mo. banc 2017) ("Probationers are free to reject the terms of probation that limit their future rights and accept, instead, the punishment for the crime."). Circuit courts may also avoid this concern by imposing sentence or suspending imposition of sentence for *all* the charges. *See* section 557.011.2. Bodenhamer has neither alleged nor demonstrated that any delay he may endure while serving the sentences for the sentence-imposed offenses violates his due process rights; therefore, this Court does not decide that issue here.

**Conclusion**

Bodenhamer's appeal is dismissed for lack of a final judgment.[5]

_____
KELLY C. BRONIEC, JUDGE

All concur.

---

[5] Because this appeal is dismissed for lack of final judgment, this Court cannot address the merits of Bodenhamer's argument regarding his motion to suppress.